IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD EUGENE LEATHERWOOD                                                    PLAINTIFF

v.                            Civil No. 4:20-cv-4059

NURSE STEPHEN KING; NURSE LONI
REDFERN; and NURSE CHELSEA                                                    DEFENDANTS

**ORDER**

Currently before the Court is Plaintiff's failure to comply with orders of the Court. Plaintiff Richard Eugene Leatherwood filed this 42 U.S.C. § 1983 action *pro se* on August 3, 2020. (ECF No. 1).[1] However, Plaintiff failed to submit a signed certificate of account with his *in forma pauperis* ("IFP") application. On August 3, 2020, the Court ordered Plaintiff to either complete the IFP application and return it to the Court for review and filing or pay the $350 filing fee and $50 administrative fee, a total of $400, by August 24, 2020. (ECF No. 3). The order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. (ECF No. 3). To date, Plaintiff has not submitted a completed IFP application, and the order directing him to do so has not been returned as undeliverable.

On August 25, 2020, the Court ordered Plaintiff to show cause by September 5, 2020, as to why he failed to comply with the Court's previous order. (ECF No. 6). The order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. (ECF No. 6). To date, Plaintiff has not responded to the show cause order, and the order has not been returned as undeliverable.

---

[1] On August 5, 2020, Plaintiff filed a second lawsuit alleging the same claims as those set forth in the instant case. *See* Case No. 4:20-cv-04061. In the second case, Plaintiff's IFP application was granted, and Defendants have filed an answer. (ECF Nos. 3, 8).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of October, 2020.

                                                          /s/ Susan O. Hickey_____
                                                          Susan O. Hickey
                                                          Chief United States District Judge